UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Chardles O. Ogindo,

                            Plaintiff,

    v.                                    07-CV-1322

Lois DeFleur, Individually and in her official
capacity as President of Binghamton University;
John J. Eisch, Individually and in his official
capacity as Professor of Chemistry at Binghamton
University and Plaintiff's advisor; David
Doetschman, Individually and in his official
capacity as the Chemistry Chair person;
Alistair Lees, Individually and in his official
capacity as the Chemistry chair that succeeded
David Doetschman; and Wayne Jones, Individually
and in his official capacity as the Director of the
Graduate Program Committee,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff Charles Ogindo commenced the instant asserting various claims including discrimination, violation of his constitutional right, copyright infringement, and patent infringement, breach of contract, promissory estoppel, and fraud, arising out of his constructive discharge from the Binghamton University doctoral program and dismissal from Binghamton University. Plaintiff now moves for reconsideration of the dismissal of his Fourth and Fifth Causes of Action. For the following reasons, the motion for reconsideration is DENIED.

**Copyright Infringement**

Plaintiff seeks reconsideration of the dismissal of his copyright claim on the ground that he "has been unable to register a copyright for his notebooks as they are being kept from him by Defendants." Pl.'s Mem. of Law at 4. As stated in the Court's prior Order, "the owner of [a] . . . copyright must register the copyright before a federal court can entertain an infringement suit." Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000); see also Morris v. Business Concepts, Inc., 259 F.3d 65, 68 (2d Cir. 2001). "[S]ection 411(a)'s registration requirement limits a district court's subject matter jurisdiction to claims arising from registered copyrights only." In re Literary Works in Electronic Databases Copyright Litigation, 509 F.3d at 122. Thus, "[t]he registration requirement is a jurisdictional prerequisite to an infringement suit." M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir. 1990). Because Plaintiff has, by his own concession, not registered his works, he cannot maintain a copyright infringement claim. Accordingly, this claim was properly dismissed.

**Patent Infringement**

Plaintiff seeks reconsideration of the dismissal of his patent claim on the ground that he filed and received a provisional application for a patent, although no patent was ever issued. This contention does not warrant reinstating the patent infringement claim. There is no claim for patent infringement unless a patent has issued. See GAF Bdlg. Material Corp. v. Elk Corp., 90 F.3d 479, 482 (Fed. Cir. 1996) (noting that there can be no claim "unless it is made with respect to a patent that has issued before a complaint is filed."); Med Five, Inc. v. Keith, 2008 WL 4107973 (D.Hawaii 2008); Roller v. David Cooperfield's Disappearing, Inc., 2007 WL 4395622, at *1 (D. Minn. 2007); Yuksel v. Northern American Power Technology,

Inc., 805 F. Supp. 310, 312-13 (E.D. Pa. 1992) ("There are no Acts of Congress that create actionable causes solely based on patent applications; Title 35 of the United States Code creates protections and causes of actions based on issued patents only."). In his motion for reconsideration, Plaintiff concedes that no patent was issued. Inasmuch as Plaintiff is not a patentee, he may not maintain an action for patent infringement. Id; see also 35 U.S.C. § 281; Morrow v. Microsoft Corp., 499 F.3d 1332, 1339 (Fed. Cir. 2007); Kunkel v. Topmaster Intern., Inc., 906 F.2d 693, 695 (Fed. Cir. 1990) (requiring the plaintiff to plead ownership of a patent still in force); Fed. R. Civ. P. Form 18 (requiring the complaint to include an allegation that the plaintiff owns the patent). Accordingly, his patent infringement claim was properly dismissed.

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: December 1, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge